Filed: 1/31/2024 4:38 PM
Michael Gould
District Clerk
Collin County, Texas
By Elizabeth Anderson Deputy
Envelope ID: 84013273

471-00630-2024

CAUSE NO. _____

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **MICHAEL RUTHERFORD AND** | § | |
| **KEISHA O'NEAL,** | § | |
| | § | |
| Defendants. | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF PRUVIT VENTURES, INC.'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Pruvit Ventures, Inc. ("Pruvit") and files its Original Petition against Defendant Michael Rutherford and Keisha O'Neal. In support thereof, Pruvit respectfully shows the Court the following:

### I.
### DISCOVERY LEVEL AND RULE 47 STATEMENT

1. Pruvit intends to conduct discovery under Level 3, pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE. Pruvit affirmatively pleads that this lawsuit is not governed by the expedited action process under Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE, as Pruvit states it seeks monetary relief over $250,000 but less than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees, and for all other relief to which Pruvit may be entitled. *See* TEX. R. CIV. P. 47(c)(4), (d). As this lawsuit is at its inception and discovery has not yet been conducted, Pruvit reserves the right to modify and/or amend the foregoing statement of relief.

## II.
## PARTIES

2. Pruvit Ventures, Inc. is a domestic corporation authorized to conduct business in the state of Texas with a principal place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3. Defendant Michael Rutherford is a Nevada resident and resides at his home address of 2225 Versailles Court, Henderson, NV 89074, and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as her agent for service, because Defendant Rutherford has engaged in business in Texas but has not designated or maintained a registered agent for service of process in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b).

4. Defendant Keisha O'Neal is a Nevada resident and resides at her home address of 2225 Versailles Court, Henderson, NV 89074, and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as her agent for service, because Defendant Rutherford has engaged in business in Texas but has not designated or maintained a registered agent for service of process in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b).

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. *See* TEX. R. CIV. P. 47(b).

6. This Court has personal jurisdiction over Defendants Rutherford and O'Neal under the Texas Long-Arm Statute (TEX. CIV. PRAC. & REM. CODE § 17.042, et. seq.). Defendants contracted with a Texas resident and the contract was to be performed in whole or in part in this state. Pruvit's cause of action arises out of Defendants' purposeful actions directed towards Pruvit in the State of Texas. Further, Rutherford, O'Neal, and Pruvit contractually agreed that all disputes

between them are subject to Texas law and shall be resolved in courts located in Collin County, Texas.

7. Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES & REMEDIES CODE as all or substantially all of the events giving rise to Pruvit's cause of action arose in Collin County. Additionally, Defendant agreed to courts in Collin County, Texas as the exclusive forum for resolution of disputes. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## IV.
## STATEMENT OF FACTS

8. Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products. Pruvit is a direct sales community-based company that has independent promoters, called Pruvers, that market and sell its unique products throughout the country.

9. Over time, as senior Pruvit promoters bring in new promoters, an up-line and down-line structure is created. In many cases, Pruvit's successful promoters have created extensive downlines of fellow Pruvers totaling in the hundreds.

10. Pruvit invests significant amounts of time, money, and resources into protecting its technology and the integrity of its community of representatives. When a Pruver leaves Pruvit, it can adversely affect both the compensation of other Pruvers as well as the profits of Pruvit.

11. Defendant Rutherford and Defendant O'Neal are associated with an entity named Ketones Rule, LLC. Ketones Rule, LLC sold Pruvit products as a Pruver. In early 2023, two lawsuits were pending in separate jurisdictions involving claims between Ketones Rule and Pruvit in one lawsuit and between Defendant Rutherford and Brian Underwood, Pruvit's chief executive officer, in another lawsuit. Additionally, Defendant O'Neal threatened separate legal action against Pruvit. Ultimately, the disputes were resolved, and all litigation was dismissed pursuant to the

terms of a Confidential Settlement Agreement and Release (the "Settlement Agreement"). Pruvit, Defendant Rutherford, and Defendant O'Neal were parties to the Settlement Agreement and duly executed same.

12. In exchange for the consideration enumerated in the Settlement Agreement, Defendant Rutherford and Defendant O'Neal agreed to a non-solicitation provision which restricts their ability to advertise, market, and promote non-Pruvit opportunities, products, or services and further restricts them from soliciting Pruvers, Pruvit customers, and Pruvit employees. Additionally, the terms of the Settlement Agreement require Defendants to take specific action with regard to their social media pages.

13. Since the execution of the Settlement Agreement, Defendants Rutherford and O'Neal have continued to solicit Pruvers for a separate business venture, both through offline communications and through social media platforms. Social media pages belonging to Defendants Rutherford and O'Neal evidence the fact that both individuals have refused to unfriend and/or unfollow many Pruvers. Defendants' conduct is a breach of Section III, Subsections 1(d)(i), 6 and 7 of the Settlement Agreement.

14. Pursuant to the terms of the Settlement Agreement, Pruvit has provided notice to Defendants Rutherford and O'Neal of their numerous violations of the Settlement Agreement. Despite notice, Defendants Rutherford and O'Neal have failed to cure violations during the permitted cure period described in the Settlement Agreement.

15. The Settlement Agreement contains a liquidated damages provision for each violation of the Settlement Agreement that Defendants fail to cure. Defendant Rutherford agreed to the payment of liquidated damages in the amount of $75,000 for each uncured violation. Defendant O'Neal agreed to the payment of liquidated damages in the amount of $25,000 for each

uncured violation.

16. Pruvit seeks recovery of liquidated damages for each violation of the Settlement Agreement and all other attorney's fees, costs, and expenses incurred by Pruvit in connection with this action.

## V.
## CAUSES OF ACTION

17. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

**CAUSE OF ACTION--BREACH OF CONTRACT**

18. Pruvit and Defendants Rutherford and O'Neal entered into the above-referenced Settlement Agreement. Defendants have breached the Settlement Agreement by failing to cure violations of its terms. Specifically, Defendants have continued to solicit Pruvers and have failed to take certain action with regard to their social media pages as detailed above. Pruvit expects that more breaches will be revealed through discovery in this case.

19. As a result of these breaches, Pruvit seeks recovery of liquidated damages as set forth in the Settlement Agreement and recovery of its attorney's fees, costs and expenses, all for which Defendants Rutherford and O'Neal are liable.

## VI.
## CONDITIONS PRECEDENT

20. All conditions precedent to Pruvit's right to bring the above causes of action, and for recovery requested herein, have been performed, excused, or otherwise already occurred.

## VII.
## ATTORNEY FEES

21. Pruvit seeks the recovery of attorney's fees pursuant to TEX CIV. PRAC. & REM. CODE § 38.001 and Paragraph III, Subsection 10 of the Settlement Agreement.

# VIII.
# PRAYER

22. Pruvit therefore requests that Defendants Michael Rutherford and Keisha O'Neal be cited to appear and answer, and that upon final hearing, Pruvit be awarded the following:

(1) Judgment for damages within the jurisdictional limits of this Court;

(5) Judgment for reasonable and necessary attorney's fees, costs of suit, and pre- and post-judgment interest; and

(6) Judgment for such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**

*/s/ Byron K. Henry*

**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**KELLY E. KLEIST**
State Bar No. 24046229
kelly.kleist@solidcounsel.com
**LESLIE M. SANDERSON**
State Bar No. 24062720
leslie.sanderson@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
Tel.: (214) 472-2100
Fax: (214) 472-2150

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeri Hamman on behalf of Byron Henry
Bar No. 24008909
jeri.hamman@solidcounsel.com
Envelope ID: 84013273
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff Pruvit Ventures, Inc.'s Original Petition
Status as of 2/2/2024 11:56 AM CST

Associated Case Party: Pruvit Ventures, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Byron Henry | | byron.henry@solidcounsel.com | 1/31/2024 4:38:48 PM | SENT |
| Kelly Kleist | | kelly.kleist@solidcounsel.com | 1/31/2024 4:38:48 PM | SENT |
| Leslie Sanderson | | leslie.sanderson@solidcounsel.com | 1/31/2024 4:38:48 PM | SENT |